# Matter of Israel PALMA-OLVERA, Respondent

*Decided by Board October 2, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge erred in determining that the respondent, who had two convictions for driving while intoxicated, had overcome the presumption that he lacked good moral character based on his care for his son and his history of employment.

FOR THE RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Joshua S. Levy, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER, GOODWIN, and GEMOETS, Appellate Immigration Judges.

GEMOETS, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the December 9, 2024, decision of the Immigration Judge granting the respondent's application for cancellation of removal for certain nonpermanent residents under section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1) (2024). The respondent, a native and citizen of Mexico, has filed a response in opposition to the appeal. The appeal will be sustained, and the respondent will be ordered removed from the United States.

An applicant for cancellation of removal must demonstrate that he has been a person of good moral character during the previous 10 years and that he is deserving of relief as a matter of discretion. INA § 240A(b)(1)(B), 8 U.S.C. § 1229b(b)(1)(B); *see also* INA § 240(c)(4)(A), 8 U.S.C. § 1229a(c)(4)(A) (2024) (providing that an applicant for discretionary relief from removal bears the burden to demonstrate that he satisfies the eligibility requirements and merits a favorable exercise of discretion). Relevant to good

---

[1] Pursuant to Order No. 6518-2025, dated December 8, 2025, the Attorney General designated the Board's decision in *Matter of Palma-Olvera* (BIA Oct. 2, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

moral character and discretion are the respondent's convictions for two offenses involving driving while intoxicated ("DWI") in 2022 and 2024. DHS argues that the respondent did not meet his burden to establish that he has been a person of good moral character during the statutory period based on his DWI history. Whether the respondent has been a person of good moral character is a legal issue we review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2025). Furthermore, the respondent must establish that he warrants relief as a matter of discretion. *Matter of Castillo-Perez*, 27 I&N Dec. 664, 666 (A.G. 2019).

The Attorney General has held that "when assessing an alien's good moral character under section 101(f) of the [INA], 8 U.S.C. § 1101(f) [(2024)], evidence of two or more convictions [for driving under the influence] during the relevant period establishes a rebuttable presumption that the alien lacked good moral character during that time." *Matter of Castillo-Perez*, 27 I&N Dec. 664, 664 (A.G. 2019). The presumption may only be overcome in "an unusual case in which an alien can establish that the multiple convictions were an aberration and can show good moral character." *Id.* at 671.

The respondent is subject to the presumption that he lacked good moral character during the statutory period based on his two DWI convictions. The Immigration Judge determined that the respondent rebutted the presumption based on evidence that he financially supports his United States citizen son, he is very active in his son's life and makes efforts to help his son navigate life while dealing with autism, Attention-Deficit/Hyperactivity Disorder, and other diagnosed mood disorders, he has maintained gainful employment, and character witnesses attest to his dedication and responsibility. Caring for his son and maintaining gainful employment do not constitute an "unusual case" sufficient to "overcome the strong evidence" that the respondent lacked good moral character based on recidivist conduct involving DWI offenses that occurred while in the course of these proceedings. *Id.*

Besides the fact of the respondent's DWI convictions, the circumstances surrounding the incidents further undermine the respondent's ability to satisfy his burden to rebut the presumption that he lacked good moral character during the statutory period. He testified that he drank 8 to 10 beers every night at home or at a bar during the period prior to his first DWI offense. Additionally, he drank seven or eight beers before driving his vehicle into a lamp post during the first DWI offense and kept drinking after his first DWI conviction. Moreover, he had six or seven alcoholic drinks in the 3 hours immediately prior to his second DWI offense, and his blood alcohol content was over 0.15, well above the legal limit. He also testified

that he never sought any counseling or treatment after his first DWI conviction.  Based on this record, we conclude that the respondent has not met his burden to rebut the presumption that he lacked good moral character during the previous 10 years, and he is therefore ineligible for cancellation of removal.  Accordingly, the following orders will be entered.

**ORDER:**  DHS' appeal is sustained.

**FURTHER ORDER:**  The Immigration Judge's December 9, 2024, decision is vacated.

**FURTHER ORDER:**  The respondent's application for cancellation of removal is denied.

**FURTHER ORDER:**  The respondent is ordered removed to Mexico.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2025).